# OCTOBER TERM, 1903.

## MALE v. CHAPMAN.

1. PUBLIC LANDS—CLAIMS—CONFIRMATION—GENERAL EXCEPTIONS.
   The commissioner of the general land office, pursuant to the provisions of act of Congress of September 26, 1850 (chap. 71, 9 Stat. 469), providing for the settlement of claims for land at Sault Ste. Marie, confirmed a claim for land, but excepted certain claims by number, "and any other valid adverse claim which may be found to exist within the limits hereby confirmed." *Held*, that the general exception in the confirmation, read in connection with the act of 1850, did not leave the claims open to contest in the courts, but the exception of valid claims meant claims found to exist by the officers empowered to act under the statute.

2. SAME—LACHES.
   A claimant to public land which had been confirmed to another unless saved by a general exception contained in the order of confirmation, who allowed 30 years to elapse without taking action, is guilty of laches barring the claim.

3. SAME—PRACTICE BEFORE LAND COMMISSIONER—NOTICE.
   Where personal notice of a hearing before the land officers for the confirmation of a claim pursuant to the act of 1850 was served on the parties appearing by the record to have an interest, and the notice was also published, the final determination in the proceeding was binding upon those who acquired title after the institution of the proceedings.

Appeal from Chippewa; Steere, J. Submitted May 14, 1903. (Docket No. 54.) Decided October 6, 1903.

Bill by William H. Male against Charles H. Chapman to quiet title. From a decree for complainant, defendant appeals. Affirmed.

*John A. Colwell* ( *George A. Cady*, of counsel), for complainant.

*John W. Shine*, for defendant.

MONTGOMERY, J.   In 1850, Congress passed an act (Act September 26, 1850; chap. 71, 9 Stat. 469) providing for the examination and settlement of claims for land at Sault Ste. Marie.   This act provided that the register and the receiver of the land office, upon filing of claims, should proceed to take testimony as to the occupancy and rights of claimants, provided that a map should be made and transmitted to the commissioner of the general land office, and provided that the decision of the commissioner should in every case be final and binding upon the parties and government, and that he should have power to affirm or modify the decisions of the register and the receiver. There were two classes of claims provided for,—one to be made by the person or the legal representatives of any person under original claims which had been entered under a previous act of Congress in 1823 (Act February 21, 1823, chap. 10, 3 Stat. 724), and the other the claim of any *bona fide* occupant who had entered upon lands and made improvements.·

The complainant derives his title from the owners of claim No. 131.   The defendant claims to be equitably entitled to the land in dispute under a claim made by Samuel Ashmun, and known as claim No. 59.   The land in dispute in this controversy is within the boundaries of each of these claims; claim No. 59 covering a portion of the land covered by claim No. 131.   The claim of Samuel Ashmun was filed December 21, 1852.   On April 4, 1853, the register and the receiver recommended the confirmation of this claim, and, indeed, assumed to confirm it; but, as we have seen by reference to the act, the power of final confirmation rested with the commissioner of the general land office, and no final action confirming this claim No. 59 was had at that time, and none has since taken place.

Again, in 1855, the records show that claim No. 59 was under advisement by the register and the receiver, and that it then was understood to be in conflict with claim No. 131 and other claims.   The report favoring the allowance of claim No. 59 was made by the receiver alone, the register being disqualified.   The receiver also reported favorably on claim 131, but gave it a width of only 45 links, which would leave it without conflict with claim 59.

Claim No. 131 came before the commissioner for confirmation on the 10th of July, 1858.   At this time the claim was confirmed for land within certain metes and bounds, including the land here in controversy, excepting from the land specifically certain claims by number, "and any other valid adverse claim which may be found to exist within the limits hereby confirmed; the exceptions herein, special and general, under this No. 131, being hereby expressly excluded from the confirmation and limits of said claim No. 131."   Claim No. 131, as allowed, had a width of 4 chains.   The boundaries of 131 included the whole or a portion of claims 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 70, and 71, and all of these claims were excepted from the confirmation in terms and by number, excepting claims 57, 58, 59, and 61; and one of the questions involved in this case is whether, in view of the express designation of these excepted pending claims, the general exception contained in the confirmation of No. 131 should be held to include claim No. 59, then known to be a pending claim in conflict with claim 131.

But the confirmation was not allowed to rest here.   On May 1, 1862, Samuel Ashmun, Stephen R. Wood, Julia Hopkins, and Samantha Johnson made application to have the adjudication on claim 131 opened, and a rehearing granted.   It is asserted in the affidavit of Ashmun that claim No. 131 includes the house and lot where he settled and erected his house on his arrival at the Sault, the same used and occupied by him personally for almost 20 years, and also the one since occupied by him up to the present time.   On the rehearing, Samuel Ashmun, in his

claim before the register and the receiver, did not assert a claim under 59, but made another claim under No. 60, and, after releasing a portion of that, had the remainder confirmed to him, and an order was made confirming land claim No. 131, except as to the portions allowed to Ashmun and other contestants on this hearing. The record shows that personal notice of this hearing was given to all parties known to be interested in claim No. 131, and also notice by publication.

It is contended by complainant that this determination on the rehearing concludes Samuel Ashmun and his grantees. On the other hand, it is contended that, as Samuel Ashmun had at this time parted with his title, and as the statute does not in terms provide for notice by publication, the decision does not conclude the purchaser. The facts, as they appear, are that, shortly after the action of the register and the receiver in 1853, Samuel Ashmun conveyed claim No. 59 to Silas H. Ashmun by deed with warranty against all lawful claims except the United States. Silas H. Ashmun never intervened in the proceeding before the register and the receiver or the commissioner of the general land office. So far as the record discloses, none of these officers had knowledge of Silas H. Ashmun's claim. From the time of the transfer to the date of filing this bill, no proceedings had been taken by him or his grantees, either to secure a confirmation by the commissioner of claim No. 59, or to intervene in claim No. 131. The general exception contained in the confirmation of claim No. 131 must be read in connection with the act of 1850, and, having in view the purposes of this act, it was clearly not the intention to leave the claim open to contest in the courts, and the exception of valid claims found to exist means claims found to exist by the officers empowered to act under the terms of that statute.

Silas H. Ashmun and his grantees have allowed a third of a century to elapse without moving in this matter, and it seems to me that laches alone constitutes a sufficient answer to defendant's claim. But, more than this, I think

it clear that all the notice that the case was susceptible of was given of the rehearing in 1862.    Personal notice was served upon the parties appearing by the record to have an interest, and, in addition to this, notice was published. By analogy to an action at law, the final determination in this proceeding would be binding upon those who acquired title after the institution of the proceedings.    24 Am. & Eng. Enc. Law (2d Ed.), p. 748.

The circuit judge made a decree affirming complainant's title, and this decree is affirmed, with costs.

The other Justices concurred.